# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

November 20, 2026

***Before***

MICHAEL B. BRENNAN, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 25-3232

JUANA ELIZALDE CASTILLO, et al.,
*Petitioners*,

*v.*

TODD W. BLANCHE, Attorney General of the United States,
*Respondent*.

Petition for Review of an Order of the Board of Immigration Appeals.

Nos. A206-915-261, A206-915-262, A206-915-263

**O R D E R**

Attorney Daniel Joseph Conidi filed an opening brief in this case for petitioners on March 12, 2026, and a reply brief on April 17, 2026. Attorney Conidi is the only signer of each brief. The briefs list attorney Conidi's Washington, D.C. bar number. He was admitted to practice before this court on July 6, 2012.

Our review of petitioners' briefs yielded several problems which we suspect may be from the use of generative artificial intelligence (AI) in their preparation. Five problems are summarized below, though others may be present in the briefs.

**1. Statements about the 2025 filing with the Board of Immigration Appeals**

As noted in the published opinion accompanying this Order, in April 2025 Castillo filed a combined motion to reconsider and motion to reopen with the Board of Immigration Appeals ("Board"). Castillo's opening brief states:

- the motion "presented twenty pages of official United States Government documentation," including the February 2025 Foreign Terrorist Organization designations, Executive Order 14,157, and a War Powers Resolution notification (Opening Br. at 13.);
- "[t]he motion expressly cited *Matter of J-G-T-*, 28 I&N Dec. 97 (BIA 2020)" (*Id.*);
- "[t]he second silence: On April 16, 2025, Petitioners filed a Motion to Reopen that expressly cited *Matter of J-G-T-*. Exhibit 3. The Board was no longer in the position of a tribunal that may have overlooked a precedent. It was told in writing — here is your own binding precedent, certified by your own Acting Chairman and three other adjudicators, it controls this case, apply it." (*Id.* at 34.)

None of these statements appears to be correct. The referenced motion never mentions *J-G-T-*, the Foreign Terrorist Organization designations, Executive Order 14,157, or a War Powers Resolution notification. And the motion's three attached exhibits are an appearance form, the Board's March 2025 order, and a psychological evaluation. (Opening Br. at 94.) The "double silence" theory argued in Castillo's briefs depends on these representations. Yet the second silence never occurred.

**2. *Matter of J-G-T-*, 28 I. & N. Dec. 97 (BIA 2020)**

Castillo mentions this decision, central to her arguments, more than 50 times throughout her two briefs. In her opening brief she asserts it "establish[ed] as a matter of law that the Mexican government lacks the ability to protect individuals from these specific organizations." (Opening Br. at 17.) At another point in that brief she states:

> Four months after that May 2020 decision, the Board issued binding precedent in *Matter of J-G-T-*, 28 I. & N. Dec. 97 (BIA 2020), establishing as law that the Mexican Government lacks the ability to protect individuals from harm inflicted by Mexican drug cartels — the exact factual predicate the IJ had already found credible in this case. Yet across three separate decisions spanning five years, the Board never acknowledged the precedent it had created, never applied it to Petitioners' credible testimony, and never explained

why Petitioners did not qualify for relief under the binding standard it established.

(Opening Br. at 35.)

The *Matter of J-G-T-* decision does not discuss or hold this statement as described in petitioners' opening brief. The respondent in *Matter of J-G-T-* feared Iranian agents, and the ground for asylum was political opinion. The Board sustained the Department of Homeland Security's appeal in part and remanded the case. The sentence Castillo's opening brief quotes as a holding (28 I. & N. Dec. at 99) is part of the procedural history describing the action of the immigration judge. But the Board held that the judge "did not identify the facts or data supporting the witness's testimony that the Mexican Government is unable and unwilling to protect the respondent from pro-Iranian actors." *Id.* at 104.

Petitioners' opening brief also names "Immigration Judge James Alan DeVitto" as one of "four adjudicators" who "established and certified as binding precedent the factual finding that the Mexican Government lacks the ability to protect its citizens from harm inflicted by drug cartels." (Opening Br. at 30–31.) Yet the decision in *Matter of J-G-T-* does not name the immigration judge.

**3. The Federal Register attributions**

According to petitioners' opening brief, 90 Fed. Reg. 10030 documents that La Nueva Familia Michoacana (LNFM) "systematically targets returning Mexican nationals perceived to have U.S. wealth," that the designated groups "exercise territorial control across every region of Mexico," and that the State Department recognized their "paramilitary capabilities" and "coercive control" over civilians. (Opening Br. at 15–16, 28–29, 50.) But the notice contains no such findings or quotes.

**4. The Immigration Judge (IJ)'s findings**

Castillo's briefs attribute many findings to the IJ that the IJ did not make.

One is that the IJ found the threats against Castillo stopped "only after Armando Uribe Elizalde hired armed military personnel to guard the family." (Opening Br. at 24.) Yet there is no such finding. The IJ's decision says that Castillo believed the calls stopped between 2010 and 2014 because "the Mexican military had a presence in the communities and were pursuing the criminal organizations in the area." (*Id.* at 65.)

The opening brief also contends the IJ "found Petitioner Juana Elizalde Castillo fully credible in her testimony that the Mexican government was unable to protect her family." (*Id.* at 17, 35.) It is true that the IJ found Castillo credible—"[c]onsidering the totality of the circumstances and all relevant factors, the Court finds Respondent credible." (*Id.* at 66.) But the IJ made no finding that the government was unable to

protect Castillo. On that question, the IJ found the opposite of what Castillo's opening brief asserts. (*Id.* at 68.) That brief appears to join a real credibility finding to a legal conclusion the judge expressly rejected.

Petitioners' reply brief asserts the IJ "documented years of specific, targeted threats from LNFM" and "found Ms. Castillo survived only by hiding and fleeing." (Reply Br. at 1.) The IJ's decision names no organization and contains neither finding. The IJ found only that Castillo "was never physically confronted by the callers, and they remain unknown to her." (Opening Br. at 68.)

The opening brief also says "[t]he IJ cited every case against Petitioners. She never cited Tapiero." (*Id.* at 45.) But the IJ did cite that case: "Wealth, or the ability to pay, is not an immutable characteristic of a particular social group. *See Tapia*[1] *de Orejuela v. Gonzales*, 423 F.3d 666, 671 (7th Cir. 2005)." (Opening Br. at 67.)

**5. Citations in the 2025 filing with the Board**

Castillo's filing with the Board also cites cases we could not find. For instance, Castillo cites *Tovar v. U.S. Att'y Gen.*, 443 F.3d 1280 (11th Cir. 2006), and *Chavez-Alvarez v. U.S. Att'y Gen.*, 595 F.3d 883 (11th Cir. 2010), as holding that the Board's procedures violated due process. (Opening Br. at 77, 80–81, 90.) Cases by those names exist, but the citations lead to unrelated decisions, and the actual cases say nothing about the propositions or quoted language the motion attributes to them. These decisions are not included in the opening brief to our court, but they are included in the motion to reconsider filed by attorney Conidi and attached to petitioners' opening brief. The motion to reconsider also contained multiple inaccurate citations, quoted language not appearing in the cited decisions, and facts not supported by the record.

* * *

When attorneys sign and submit a brief "with assertions that have no basis in the record and arguments that have no basis in the law," they run afoul of Federal Rule of Appellate Procedure 28. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 791 (7th Cir. 2019). The brief must set out "facts relevant to the issues submitted for review." FED. R. APP. P. 28(a)(6). And the argument must contain legal contentions based on "citations to the authorities and parts of the record on which the appellant relies." *Id.* 28(a)(8)(A).

Advocates also have a duty to this court to "not knowingly misrepresent, mischaracterize, misquote, or miscite facts or authorities in any oral or written communication to the court." Seventh Circuit Lawyers' Duties to the Court, ¶ 5. Doing

[1] The IJ misspelled the first name of the case, but the remainder of its citation matches the *Tapiero* citation in Castillo's briefs.

so wastes valuable time and judicial resources, as it forces the court to wade through false information to evaluate whether there is any merit to the petitioners' claim.

Under Federal Rule of Appellate Procedure 46, this court has broad authority to discipline members of our bar and attorneys who practice before this court "for conduct unbecoming a member of the bar." FED. R. APP. P. 46(b), (c). That standard has been "broadly construed" to include "'conduct contrary to professional standards that shows an unfitness to discharge continuing obligations to clients or the courts[] or conduct inimical to the administration of justice.'" *Camacho-Valdez v. Garland*, 30 F.4th 675, 679 (7th Cir. 2022) (quoting *In re Snyder*, 472 U.S. 634, 645 (1985)). Our court has invoked Rule 46 to sanction an attorney for using AI in writing appellate briefs. *Perez-Castillo v. Blanche*, 177 F.4th 837, 848 (7th Cir. 2026). Other courts of appeals have done so as well. *See, e.g.*, *Fletcher v. Experian Info. Sols., Inc.*, 168 F.4th 231, 239 (5th Cir. 2026).

In light of the foregoing, **IT IS ORDERED** that petitioners' counsel Daniel Joseph Conidi shall show cause on or before December 11, 2026, why he should not be subject to sanctions, including a possible fine or other punishment, for violation of his duties as a lawyer practicing in this court.